JENNIFER TUNDER (SBN 291806)
*Jennifer@arieslawfirm.com*
Aries Law Firm, PLLC
4401 N.W. 4th Street, Suite 109
Oklahoma City, Oklahoma 73107
Of Counsel for
Reznick Law Firm, PLLC
300 Wall Street, 8th Floor #74
New York, NY 10005
Telephone:   (405) 321-3996
Facsimile:   (405) 217-0324

Attorneys for Plaintiff
Maureen Kawecki

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN KAWECKI,<br><br>          Plaintiff,<br><br>– against–<br><br>PINNACLE CREDIT SERVICES, LLC, VISION FINANCIAL CORP., AND UNITED COLLECTION BUREAU, INC.,<br><br>          Defendant(s). | Civil Action No. 16-6714<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Maureen Kawecki (hereinafter "Plaintiff"), by and through her attorneys, Aries Law Firm, PLLC, by way of Complaint against Defendants,

Pinnacle Credit Services, LLC, Vision Financial Corp., and United Collection Bureau, Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), and violations of the Rosenthal Debt Collection Practices Act, California Civil Code §§ 1788 *et seq.* (hereinafter "RDCPA"). The FDCPA and RDCPA prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES

2. Plaintiff, Maureen Kawecki, is an adult domiciled in the State of California.
3. Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), is a for profit business entity organized and existing under the law Minnesota that is regularly engaged in the business of collecting debts in California, with its principal place of business located at 7900 Highway 7, St. Louis Park, MN 55426.
4. Defendant, Vision Financial Corp. ("Vision"), is a for profit business entity organized and existing under the law of New York that is regularly engaged in the business of collecting debts in California, with its principal place of business located at 5301 E. State St. Lower Level, Rockford, IL, 61108. The principal business purpose of Vision is the collection of debts using the

mails and telephone, and Vision regularly attempts to collect debts alleged to be due to another.

5. Defendant, United Collection Bureau, Inc. ("UCB"), is a for profit business entity organized and existing under the law of Ohio that is regularly engaged in the business of collecting debts in California, with its principal place of business located at 5620 Southwyck Blvd, Toledo, OH 43614. The principal business purpose of UCB is the collection of debts using the mails and telephone, and UCB regularly attempts to collect debts alleged to be due to another.

6. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

9. Venue is proper in the Central District of California pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

10. Defendants attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases originally owed to Verizon Wireless.

**COMPLAINT** 3

11. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

12. On or about March 18, 2016, Plaintiff and Vision, on behalf of Pinnacle, entered into a settlement agreement for Plaintiff's Pinnacle account. A copy of the settlement agreement is attached hereto as Exhibit A.

13. Pursuant to the terms of the settlement, Plaintiff was required to make two (2) monthly payments totaling $248.31 to settle and close her Pinnacle account.

14. Thus, Pinnacle and Vision acknowledged in writing that they had agreed to a settlement of Plaintiff's Pinnacle account, in consideration of the payments which Plaintiff would be required to make.

15. On March 31, 2016, Plaintiff via her debt settlement company, National Debt Relief ("NDR"), timely made the first payment.

16. Pinnacle and Vision accepted and cashed the first payment, but refused to accept the second timely payment. Proof of this payment is attached herein as Exhibit B.

17. However, although Plaintiff and NDR timely made the next settlement payment available, Vision and Pinnacle refused to accept this payment, nor any future payment, thereby breaching the parties' agreement.

18. Thereafter, from June 3, 2016, to June 13, 2016, NDR attempted to contact Vision to resolve the payment discrepancy; however, these efforts proved fruitless as no one from Vision answered any of NDR's calls.

19. Plaintiff received a dunning letter from UCB, dated May 27, 2016, attempting to collect on her Pinnacle account in disregard of the previous settlement agreement between Plaintiff and Pinnacle. This letter is attached herein as Exhibit C.

**COMPLAINT** 4

20. In this collection letter, UCB referenced a balance of $520.77 on the above referenced account.
21. As explained thoroughly above, at the time when Plaintiff received the letter, the settlement balance on her account was only $148.31.
22. Thereafter, on June 20, 2016, NDR contacted UCB to resolve the payment discrepancy. NDR explained that the account was already subject to a settlement agreement, which Plaintiff was in full compliance with. A UCB representative named Breanne Davis explained that UCB and Pinnacle would not honor the previous settlement agreement.
23. Pinnacle and Vision's reneging on the settlement agreement with Plaintiff constitutes a breach of the settlement agreement, which was a binding legal contract.
24. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.
25. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.
26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

///

///

## COUNT I

(Breach of Contract)

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.
28. Pinnacle and Vision acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of the settlement payments, which Plaintiff would be required to make.
29. The settlement agreement constituted a legally binding contract.
30. Plaintiff timely made the first requisite payment, in accordance with the settlement agreement.
31. Pinnacle and Vision accepted and cashed the payment, but refused to accept any future payments in accordance with the settlement, thereby breaching the parties' agreement.
32. Pinnacle and Vision's reneging on the settlement agreement with Plaintiff was a breach of contract.
33. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II

(Breach of Implied Covenant of Good Faith and Fair Dealing)

34. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.
35. Pinnacle and Vision owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered into between Defendants and Plaintiff.

COMPLAINT 6

36. By way of the foregoing conduct, Pinnacle and Vision breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

37. Pinnacle and Vision have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

38. As a result of Pinnacle and Vision's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III

(Fair Debt Collection Practices Act)

39. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

40. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

41. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

42. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

43. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

44. Vision violated the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

**COMPLAINT**          7

45. Pinnacle violated the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach, and by refusing to honor Plaintiff's original settlement agreement, and instead, attempting to deceptively recover additional monies from Plaintiff.

46. UCB violated these provisions by misrepresenting the balance on Plaintiff's account as $520.77, despite being aware that the settlement balance on Plaintiff's account was only $148.31.

47. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

## COUNT IV

(Rosenthal Debt Collection Practices Act)

48. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

49. California Civil Code § 1788.17 states the following: "Every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

50. Defendants violated California Civil Code §§ 1788.17 by violating the following sections of the Federal Debt Consumer Practices Act ("FDCPA"):
    a. 15 U.S.C. § 1692e(2)(a) which prohibits the false representation of the character, amount or legal status of any debt;
    b. 15 U.S.C. § 1692e(5) prohibits threatening to take any action that cannot legally be taken or that is not intended to be taken;

    c. 15 U.S.C. § 1692e(10) which prohibits any false representation or deceptive means to collect a debt; and

    d. 15 U.S.C. § 1692f(1) which prohibits a debt collector from using unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

51. As debt collectors doing business in California, Defendants are subject to the RDCPA.

52. Pinnacle and Vision violated these provisions of the RDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which they did not intend to adhere to and/or intended to breach.

53. UCB violated these provisions of the RDCPA by refusing to honor Plaintiff's original settlement agreement, and instead, attempting to deceptively recover additional monies from Plaintiff.

54. As a result of the above violations of the RDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants as follows:

(a) That judgment be entered against Pinnacle and Vision for actual and monetary damages accrued by Plaintiff as a result of their breach of contract;

(b) That judgment be entered against Pinnacle and Vision for actual and monetary damages accrued by Plaintiff as a result of their breach of the implied covenant of good faith and fair dealing;

1    (c) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

(f) That judgment be entered against Defendants for actual damages pursuant to California Civil Code §§ 1788.30(a);

(g) That judgment be entered against Defendants for attorney's fees pursuant to California Civil Code §§ 1788.30(c);

(h) That judgment be entered against Defendants for statutory damages pursuant to California Civil Code §§ 1788.30(b); and

(i) That the Court grant such other and further relief as may be just and proper.

Date: September 7, 2016

Respectfully Submitted,
Aries Law Firm, PLLC

_____
Jennifer Tunder, Esq.
Counsel for Plaintiff

**COMPLAINT**     10